BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527
     Facsimile: (213) 894-6269
     E-mail:    scott.paetty@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-47-JLS-2 |
|---|---|
| Plaintiff, | CR 23-24-JLS-1 |
| v. | GOVERNMENT'S OPPOSITION TO DEFENDANT'S CLAIMED BREACH OF THE PLEA AGREEMENT |
| CHRISTOPHER KAZUO KAMON, | |
| Defendant. | Hearing Date: April 11, 2024<br>Location:    Courtroom of the<br>             Hon. Josephine L.<br>             Staton |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Scott Paetty, hereby files its opposition to defendant Christopher Kamon's claimed breach of the plea agreement in the above referenced cases. (Dkt. Nos. 471 and 96.)

This opposition is based upon the attached memorandum of points and authorities, the presentence report, the files and records in

1

this case, and such further evidence and argument as the Court may permit.

Dated: April 8, 2025            Respectfully submitted,

                                BILAL A. ESSAYLI
                                United States Attorney

                                LINDSEY GREER DOTSON
                                Assistant United States Attorney
                                Chief, Criminal Division


                                        /s/
                                SCOTT PAETTY
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.   INTRODUCTION**

The government did not breach the plea agreement in its recent sentencing memorandum in the above cases. The government's sentencing position, which was filed after defendant Christopher Kamon ("defendant") advocated for a significantly below guidelines sentence in his objections to the presentence report, included numerous references to mitigating facts and repeatedly asserted that a low-end guidelines sentence is appropriate here. Defendant now alleges three grounds for his claimed breach, none of which have merit. Defendant claims: (1) that the government impermissibly contested facts stated in the plea agreement related to loss and the zero-point offender reduction, (2) the government's inclusion of a victim impact statement from the Girardi Keese bankruptcy trustee amounted to an adoption of the trustee's loss claims, and (3) alleged "inflammatory language" in the government's submission contradicted its low-end guidelines recommendation. (Dkt. 471 at 5-7.)[1]

Defendant's arguments fail for the following reasons. First, consistent with the plea agreement, the government expressly requested that the Court adopt the government's recommended guideline loss range and did not adopt the PSR's loss findings. Second, the government's inclusion of a victim impact statement from the Girardi Keese trustee was required to comply with its obligations under the Crime Victims Rights Act ("CVRA") and did not result in an adoption of any factual statements therein. Finally, any references to the

---

[1] Citations are to the docket in case number 23-47-JLS and reference the pagination in the CM/ECF header. These filings and paginations are the same as the corresponding filings in case number 23-24-JLS.

1

severity of defendant's criminal conduct were appropriate to justify the government's low-end recommendation of 121 months custody, which is a significant difference from defendant's 30-month recommendation.

In sum, the government did not commit either a plain or implicit breach of the plea agreement but instead adhered both to the letter and the spirit of the agreement. Defendant's objection should be rejected.

## II.  RELEVANT FACTS

Defendant pleaded guilty pursuant to a plea agreement on October 11, 2024. (Dkt. 406.) In relevant part, defendant's plea agreement reflected the parties' agreement that loss was between $3.5 million and $25 million (equating to a Guidelines loss enhancement of +18 or +20), but otherwise allowed the parties to "argue that additional specific offense characteristics, adjustments, and departures under the [Guidelines} are appropriate" and reserved the parties' right to argue for a sentence outside the Guidelines range. (Dkt. 398 ¶¶ 13-14.)

The United States Probation & Pretrial Services Office ("Probation") subsequently issued a presentence report ("PSR") which calculated defendant's total offense level at 32, in part based on a finding that defendant's offense conduct caused losses in excess of $25 million. (Dkt. 441 ¶¶ 106-110.) Defendant filed objections to the Presentence Report in which, among other things, he challenged Probation's and the government's loss findings and guidelines calculations and proposed a total offense level of 26 and corresponding Guidelines range of 63-78 months. (Dkt. 444 ¶¶ 5-6.) Defendant filed a sentencing memorandum requesting a downward variance to 30 months custody. (Dkt. 456.)

The government's sentencing memorandum advocated for a low-end guidelines sentence of 121 months based on a total offense level of 32.[2] (Dkt. 454 at 18.)  The government referenced Probation's loss finding but also reiterated that defendant should be given the benefit of the reduced guidelines range in his plea agreement. (Id. at 14.)  The government also included an under-seal victim impact statement from the Girardi Keese bankruptcy trustee, the victim of defendant's "side fraud" scheme.[3] (Dkt. 462.)

Defendant has now filed an objection to the government's sentencing position alleging that the government's sentencing memorandum breached the plea agreement. (Dkt. 471.)

**III. LEGAL STANDARDS**

"Plea agreements are contracts, and the government is held to the literal terms of the agreement." United States v. Johnson, 187 F.3d 1129, 1134 (9th Cir. 1999).  Under Ninth Circuit law, a breach may be explicit or implicit.  An explicit breach occurs when the government breaches the "literal terms of the plea agreement"—i.e., by explicitly recommending a sentence other than the one agreed upon. United States v. Alcala-Sanchez, 666 F.3d 571, 575 (9th Cir. 2012). In contrast, an implicit breach occurs where the government agrees "to recommend a particular sentence while also making statements [to the court] that serve no practical purpose but to advocate for a harsher one." United States v. Heredia, 768 F.3d 1220, 1231 (9th Cir. 2014).  In other words, the government cannot promise to make a

---

[2] Probation filed a revised PSR that calculated defendant's total offense level as 34, based on a rejection of the zero-point offender reduction.  (Dkt 465 at 5, ¶¶ 131-133, Dkt. 466 at 1.)  The government stands by its position that the proper offense level should be 32.

[3] The side fraud scheme was charged in 23-CR-24-JLS.

particular recommendation "while winking at the district court to impliedly request a different outcome." Id. (cleaned up).

In cases involving an implicit breach claim, courts must look first to the plain language of the plea agreement. As long as the agreement does not expressly prohibit the government from responding to a defendant's request for a sentence lower than what is recommended by the government, the government has the latitude to respond. In other words, as a default rule, the government can respond even if the plea agreement is silent on the issue. United States v. Farias-Contreras, 104 F.4th 22, 30–31 (9th Cir. 2024).

**IV. ARGUMENT**

    **A.    The Government's Arguments on Loss and Zero-Point Offender Did Not Breach the Plea Agreement**

The government honored its obligations in the plea agreement related to loss and the zero-point offender Guideline provision. The government agreed to recommend that loss be cabined to +20 under Guidelines § 2B1.1(b)(1)(K). (Dkt. 398 ¶ 13.) The government repeatedly so recommended in its sentencing memorandum. (See, e.g., Dkt. 454 at 14 ("The government recommends that defendant be given the benefit of the bargain in the plea agreement, which caps defendant's guidelines loss enhancement at +20 (for loss between $9.5 million and $25 million"), 21-22 ("As discussed above, defendant should be given the benefit of his bargain related to loss in his plea agreement and, thus, the government respectfully requests that defendant's loss amount for guidelines purposes should be limited to below $25,000,000.") Therefore, then (as now) the government adhered to its recommendation that defendant's guidelines loss enhancement be limited to +20 (for loss between $9.5 million and $25 million).

The government's reference to the PSR's loss calculations do not constitute breach. Far from it. The government is permitted to acknowledge that the PSR's loss calculations are correct—and defend the PSR's methodology—as long it stands by the stipulation in the plea agreement, which it did. See United States v. Maldonado, 215 F.3d 1046, 1051-52 (9th Cir. 2000). Moreover, contrary to defendant's assertions, nowhere in its sentencing memorandum did the government adopt Probation's loss calculations.

Furthermore, the plea agreement did not obligate the government to argue for a zero-point offender reduction. Rather, it stated that both parties "reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate." (Dkt. 398 ¶ 13.) Thus, it was not a breach of the plea agreement to oppose the reduction. See United States v. Shineflew, 2022 WL 2257019, at *1 (9th Cir. 2022) (unpublished) (concluding that government did not breach plea agreement by advocating for role enhancement because "the Plea Agreement gave both parties the freedom to support or oppose any Guidelines calculation that was outside of those expressly set forth in the Agreement, and because the Agreement did not expressly restrict either party from arguing for other appropriate adjustments").

That Probation agreed with the government's recommendation and did not apply the zero-point offender reduction in the revised PSR has no bearing on the breach argument. (See Dkt. 398 ¶¶ 25-26 ("the Court and [Probation] are not parties to this agreement", and "both defendant and the [government] are free to supplement the facts by supplying relevant information to [Probation] and the Court".)

5

Moreover, the government has consistently affirmed that whatever offense level the Court applies, defendant should be sentenced to the low-end of that range.

### B. Inclusion of the Girardi Keese Bankruptcy Trustee's Victim Impact Statement Did Not Breach the Plea Agreement

Defendant's claim that the government's inclusion of the Girardi Keese bankruptcy trustee's impact statement constituted an adoption of the loss claims made therein is inaccurate. (Dkt. 96 at 5.) Nowhere in its sentencing memorandum does the government adopt the trustee's loss finding as it relates to American Express card charges made by the defendant. As defendant notes, the government did not argue that all of those charges were fraudulent during the trial of co-defendant Girardi. And it does not so argue here either. Indeed, the trustee's letter was referenced only once in the government's sentencing memorandum and was not included in the section that discussed loss. Far from being improperly included with the government's sentencing position, the trustee's letter was a necessary component of the proceedings and required by statute. (See Dkt. 454 at 30 (the trustee's letter "is provided to the Court pursuant to the government's obligations under the Crime Victims Rights Act."); see also United States v. Klassy, 409 F. App'x 169, 172 (9th Cir. 2011) (citing United States v. Nazifpour, 944 F.2d 472, 474 (9th Cir. 1991) ("bankruptcy trustee may properly be considered a victim because he collects fees based on the size of the estate.").

Such impact statements vindicate a victim's "right to be reasonably heard at any public proceeding in the district court," 18 U.S.C. § 3771(a)(4), which includes a victim's right to speak at sentencing hearings. Kenna v. U.S. Dist. Ct. for C.D. Cal., 435 F.3d

1011, 1016 (9th Cir. 2006). It encompasses "the right of the victims to look <u>this</u> defendant in the eye and let him know the suffering his misconduct has caused." Id. at 1017 (emphasis in original). The government submitted this statement in accord with a victim's statutory rights under the CVRA. Id. at 1016-17; see also United States v. Maggio, 499 F. App'x 696, 697-98 (9th Cir. 2012). Furthermore, the plea agreement also expressly provided that the parties were free to "supplement the facts by supplying relevant information to . . . the Court." (Dkt. 398 ¶ 26.) And regardless of the government's agreement as to a sentencing recommendation, it was "obligated to reveal to the sentencing judge pertinent factual information." United States v. Read, 778 F.2d 1437, 1442 (9th Cir. 1985).

    **C.    The Government's Inclusion of Facts Supporting Its Recommended Sentence Was Not Breach**

The government was also consistent in recommending a sentence at the low-end of defendant's guideline range and included facts that supported its low-end recommendation while also highlighting mitigating evidence. Indeed, the government reiterated its low-end recommendation and discussed mitigating facts no fewer than nine times in its sentencing memorandum. (See Dkt. 454 at 7, 18, 23-28.)

To the extent defendant raises an implicit breach argument based on the inclusion of aggravating facts related to his offense conduct, the government is permitted to mention such facts, particularly when it constitutes "a fair response to [d]efendant's request for a downward variance from the low-end of the advisory Guidelines range." United States v. Moschella, 727 F.3d 888, 892 (9th Cir. 2013). Here, defendant's objections to the PSR included arguments that

7

significantly undercut Probation's Guidelines calculations and varied significantly downward from the government's calculations. (See Dkt. 444 at 5-6.) These calculations were included as a predicate for defendant's argument for a 30-month custodial sentence. (Compare Dkt. 444 at 8 ("defendant believes that such a change [in Guidelines calculations] is necessary in order to comply with the 'sufficient but not greater than necessary' mandate of the Sentencing Act.") with Dkt. 456 at 7 (advocating for a 30-month custodial sentence).) Ultimately, inclusion of certain aggravating facts, balanced by mitigating factors, were necessary to support a Guidelines sentence here -- particularly, where the low end of defendant's Guideline range is a significant (121 month) sentence and where a sentence below defendant's Guidelines range is inadequate to achieve the goals of sentencing set forth in §3553(a).

Defendant's reliance on United States v. Farias-Contreras, 104 F.4th 22 (9th Cir. 2024) is misplaced. Indeed, Farias-Contreras was an en banc affirmance for the government which, in any event, involved very different facts. In Farias-Contreras, the government made "several inflammatory arguments" in its sentencing memorandum – such as, including general statistics on drug overdose deaths, pejorative references to drug users and drug dealers, and then asserted at the sentencing hearing that the government was not sure "what to do" with this defendant. Farias-Contreras, 104 F.4th 28-29 (cleaned up). The facts are much different here. Namely, the government has been consistent in its recommendations regarding sentencing and did not include references to aggravating facts outside the record in this case.

Similarly, this case also lacks the contradictory or duplicitous conduct by the government that was present in Whitney, another case relied on by defendant. (See Dkt. 471 at 6.) In Whitney, the plea agreement precluded the defendant "from requesting a below-guidelines sentence, and he did not do so." United States v. Whitney, 673 F.3d 965, 971 (9th Cir. 2012). The government there included statements about the defendant's criminal history that "could only have been intended as an argument for greater than the within-guidelines sentence requested by the defense." Id. at 971. However, the plea agreement here contained no such restriction on defendant's ability to argue for a below-guidelines sentence and, indeed, defendant has done so. Moreover, defendant has no prior criminal history and the government has not made any arguments about his propensity for criminal conduct beyond the facts of his conduct here.

The government's recommendation therefore reflects a balanced approach in support of its low-end recommendation, citing aggravating factors in response to defendant's demand that the district court vary below the guideline range and mitigating factors as justification for not going above the low-end. See also United States v. Johnson, 187 F.3d 1129, 1135 (9th Cir. 1999) ("[U]nless specifically required in the agreement, the government need not make the agreed-upon recommendation enthusiastically.").
//

9

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court reject defendant's breach claim and reiterates its recommendation that defendant be sentenced to 121 months in custody, the low-end of the Guidelines range, based on a total offense level of 32.

Dated: April 8, 2025                Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division


       /s/
SCOTT PAETTY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

The undersigned, counsel of record for the government, certifies that this brief contains 2,367 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 8, 2025				Respectfully submitted,

						BILAL A. ESSAYLI
						United States Attorney

						LINDSEY GREER DOTSON
						Assistant United States Attorney
						Chief, Criminal Division


						      /s/
						SCOTT PAETTY
						Assistant United States Attorneys

						Attorneys for Plaintiff
						UNITED STATES OF AMERICA